**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiffs*
Our File No.: 117425

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Shimon Deutsch, MD K. Shahin and Nirvana L. Bail, individually and on behalf of all others similarly situated,<br><br>         Plaintiffs,<br><br>   vs.<br><br>ARS National Services, Inc.,<br><br>         Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Shimon Deutsch, MD K. Shahin and Nirvana L. Bail, individually and on behalf of all others similarly situated (hereinafter referred to collectively as "*Plaintiffs*"), by and through the undersigned counsel, complain, state and allege against ARS National Services, Inc. (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1.   This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2.   This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3.   Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

1

4.    At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5.    Plaintiff Shimon Deutsch is an individual who is a citizen of the State of New York residing in Orange County, New York.

6.    Plaintiff MD K. Shahin is an individual who is a citizen of the State of New York residing in Kings County, New York.

7.    Plaintiff Nirvana L. Bail is an individual who is a citizen of the State of New York residing in Queens County, New York.

8.    Plaintiff Deutsch is a natural person allegedly obligated to pay a debt.

9.    Plaintiff Shahin is a natural person allegedly obligated to pay a debt.

10.    Plaintiff Bail is a natural person allegedly obligated to pay a debt.

11.    Plaintiff Deutsch is a "consumer" as defined by 15 U.S.C. § 1692a(3).

12.    Plaintiff Shahin is a "consumer" as defined by 15 U.S.C. § 1692a(3).

13.    Plaintiff Bail is a "consumer" as defined by 15 U.S.C. § 1692a(3).

14.    On information and belief, Defendant ARS National Services, Inc., is a California Corporation with a principal place of business in San Diego County, California.

15.    Defendant regularly collects or attempts to collect debts asserted to be owed to others.

16.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

17.    The principal purpose of Defendant's business is the collection of such debts.

18.    Defendant uses the mails in its debt collection business.

19.    Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## THE FDCPA

20.    Congress enacted the FDCPA upon finding that debt collection abuse by third party debt collectors was a widespread and serious national problem.  *See* S. Rep. No. 95-382, at 2 (1977), *reprinted in* U.S.C.C.A.N. 1695, 1696;  15 U.S.C § 1692(a).

21.    The purpose of the FDCPA is to protect consumers from deceptive or harassing actions taken by debt collectors, with the aim of limiting the suffering and anguish often inflicted

by independent debt collectors. *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002); *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34 (2d Cir. 1996).

22.     To further these ends, the FDCPA "establishes certain rights for consumers whose debts are placed in the hands of professional debt collectors for collection." *Vincent v. The Money Store*, 736 F.3d 88, 96 (2d Cir. 2013).

23.     In order for consumers to vindicate their rights under the statute, the FDCPA "grants a private right of action to a consumer who receives a communication that violates the Act." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 91 (2d Cir. 2008).

24.     Thus, "the FDCPA enlists the efforts of sophisticated consumers ... as 'private attorneys general' to aid their less sophisticated counterparts, who are unlikely themselves to bring suit under the Act, but who are assumed by the Act to benefit from the deterrent effect of civil actions brought by others." *Jacobson*, 516 F.3d at 91.

25.     To this end, in determining whether a collection letter violates the FDCPA, courts in the Second Circuit utilize "the least sophisticated consumer" standard. *Jacobson*, 516 F.3d at 90. "The test is how the least sophisticated consumer—one not having the astuteness of a 'Philadelphia lawyer' or even the sophistication of the average, everyday, common consumer—understands the notice he or she receives. *Russell*, 74 F.3d at 34.

26.     The least sophisticated consumer standard pays no attention to the circumstances of the particular debtor in question. *See Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012). Specifically, it is not necessary for a consumer to show that he or she was confused by the communication received. *See Jacobson*, 516 F.3d at 91. Likewise, the consumer's actions in response to a collection letter are not determinative of the question of whether there has been a violation of the FDCPA. *Thomas v. Am. Serv. Fin. Corp.*, 966 F. Supp. 2d 82, 90 (E.D.N.Y. 2013).

27.     Under the least sophisticated consumer standard, collection letters violate the FDCPA "if they are open to more than one reasonable interpretation, at least one of which is inaccurate." *Clomon v. Jackson*, 988 F.2d 1314, 1319 (2d Cir. 1993).

28.     Moreover, a debt collector violates the FDCPA if its collection letter is "reasonably susceptible to an inaccurate reading" by the least sophisticated consumer. *DeSantis v. Computer Credit, Inc.*, 269 F.3d 159, 161 (2d Cir. 2001).

29.     Similarly, a collection letter violates the FDCPA "if it would make the least

sophisticated consumer uncertain as to her rights." *Jacobson*, 516 F.3d at 90.

To recover damages under the FDCPA, a consumer does not need to show intentional conduct on the part of the debt collector. *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2d Cir. 2010). Rather, "[t]he FDCPA is a strict liability statute, and the degree of a defendant's culpability may only be considered in computing damages." *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60, 63 (2d Cir. 1993). A single violation of the FDCPA to establish civil liability against the debt collector. *Id.*

## ALLEGATIONS

30.     Defendant alleges each of the Plaintiffs owe a debt ("the alleged Debts").

31.     The alleged Debts are alleged obligations of Plaintiffs to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

32.     The alleged Debts do not arise from any business enterprise of Plaintiffs.

33.     The alleged Debts are "debts" as defined by 15 U.S.C. § 1692a(5).

34.     At an exact time known only to Defendant, the alleged Debts were each assigned or otherwise transferred to Defendant for collection.

35.     At the time the alleged Debts were assigned or otherwise transferred to Defendant for collection, the alleged Debts were in default.

36.     In its efforts to collect the debt allegedly owed by Plaintiff Deutsch, Defendant contacted Plaintiff Deutsch by letter ("the Deutsch Letter") dated November 2, 2018. (A true and accurate copy is annexed hereto as **"Exhibit 1."**)

37.     In its efforts to collect the debt allegedly owed by Plaintiff Shahin, Defendant contacted Plaintiff Shahin by letter ("the Shahin Letter") dated June 16, 2018. (A true and accurate copy is annexed hereto as **"Exhibit 2."**)

38.     In its efforts to collect the debt allegedly owed by Plaintiff Bail, Defendant contacted Plaintiff Bail by letter ("the Bail Letter") dated June 9, 2018. (A true and accurate copy is annexed hereto as **"Exhibit 3."**)

39.     The aforementioned letters are sometimes referred to herein as collectively as "the Letters."

40.     The Letters conveyed information regarding the alleged Debts.

41.     The Letters are "communications" as defined by 15 U.S.C. § 1692a(2).

42.     The Deutsch Letter was the initial communication Plaintiff Deutsch received from Defendant.

43.     The Shahin Letter was the initial communication Plaintiff Shahin received from Defendant.

44.     The Bail Letter was the initial communication Plaintiff Bail received from Defendant.

45.     The Letters are "communications" as defined by 15 U.S.C. § 1692a(2).

46.     The Letters are identical for all materially relevant purposes herein.

**FIRST COUNT**
**Violations of 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10)**
**AS TO PLAINTIFF DEUTSCH**

47.     Plaintiff Deutsch repeats and realleges the foregoing paragraphs as if fully restated herein.

48.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

49.     15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

50.     15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

51.     In order to be entitled to obtain verification of the debt or a copy of a judgment against the consumer, the consumer must dispute the debt in writing.

52.     15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

53.     In order to be entitled to obtain the name and address of the original creditor, if different from the current creditor, the consumer must request such in writing.

54.     A debt collector has the obligation not just to convey the 15 U.S.C. § 1692g required disclosures, but also to convey such clearly.

55.     Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

56.     Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

57.     15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

58.     A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

59.     The Deutsch Letter contains multiple addresses for Defendant.

60.     The first address, located at the top left of the Deutsch Letter, is: Department #127199, P.O. Box 3005, Phoenixville, PA 19460.

61.     The second address, located top right of the Deutsch Letter, is: PO Box 469100, Escondido CA 92046-9100.

62.     In order to be entitled to obtain verification of the debt or a copy of a judgment against the consumer pursuant to 15 U.S.C. § 1692g(a)(4), the consumer must dispute the debt in writing.

63.     The Deutsch Letter fails to instruct the consumer to which of the multiple addresses provided written disputes must be sent.

64.     As a result of the foregoing, the least sophisticated consumer would likely be confused as to which of the multiple addresses she should send her written dispute.

65.     As a result of the foregoing, the least sophisticated consumer would likely be uncertain as to which of the multiple addresses she should send her written dispute.

66.     Without clear direction as to where to mail her written dispute, the least sophisticated consumer would likely not dispute the debt at all.

67.    Without clear direction as to where to mail her written dispute, the least sophisticated consumer would likely not dispute the debt at all because she would be frightened of calling the collection agency where highly trained and aggressive debt collectors answer calls.

68.    As a result of the foregoing, the Deutsch Letter would likely discourage the least sophisticated consumer from exercising her right to dispute the debt.

69.    In order to be entitled to obtain the name and address of the original creditor pursuant to 15 U.S.C. § 1692g(a)(5), the consumer must request such in writing.

70.    The Deutsch Letter fails to instruct the consumer to which of the multiple addresses provided requests for the name of the original creditor must be sent.

71.    As a result of the foregoing, the least sophisticated consumer would likely be confused as to which of the multiple addresses she should send her request for the name of the original creditor.

72.    As a result of the foregoing, the least sophisticated consumer would likely be uncertain as to which of the multiple addresses she should send her request for the name of the original creditor.

73.    Without clear direction as to where to mail her request for the name of the original creditor, the least sophisticated consumer would likely not request this information at all.

74.    Without clear direction as to where to mail her request for the name of the original creditor, the least sophisticated consumer would likely not request this information at all because she would be frightened of calling the collection agency where highly trained and aggressive debt collectors answer calls.

75.    As a result of the foregoing, the Deutsch Letter would likely discourage the least sophisticated consumer from exercising her right to request for the name of the original creditor.

76.    As a result of the foregoing, the multiple addresses would likely make the least sophisticated consumer confused as to her rights.

77.    As a result of the foregoing, the multiple addresses would likely make the least sophisticated consumer uncertain as to her rights.

78.    Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses overshadow the disclosure of the consumer's right to dispute the debt provided by 15 U.S.C. § 1692g(a)(3).

79.    Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses overshadow the disclosure of the consumer's right to receive verification of the debt or a copy of a judgment against the consumer provided by 15 U.S.C. § 1692g(a)(4).

80.    Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses overshadow the disclosure of the consumer's right to request the name and address of the original creditor provided by 15 U.S.C. § 1692g(a)(5).

81.    Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses are inconsistent with the disclosure of the consumer's right to dispute the alleged Debt provided by 15 U.S.C. § 1692g(a)(3).

82.    Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses are inconsistent with the disclosure of the consumer's right to receive verification of the debt or a copy of a judgment against the consumer provided by 15 U.S.C. § 1692g(a)(4).

83.    Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses are inconsistent with the disclosure of the consumer's right to request the name and address of the original creditor provided by 15 U.S.C. § 1692g(a)(5).

84.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

85.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

86.    A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e. *Clomon*, 988 F.2d at 1318.

87.    A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate. *Clomon*, 988 F.2d at 1319.

88.    A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer. *DeSantis*, 269 F.3d at 161.

89.    The least sophisticated consumer could read the Deutsch Letter and be reasonably confused as to which of the multiple addresses provided she must send her written dispute.

90.     The least sophisticated consumer could read the Deutsch Letter and be uncertain as to which of the multiple addresses provided she must send her written dispute.

91.     The least sophisticated consumer could reasonably interpret the Deutsch Letter to mean that she could send her written dispute to any of the multiple addresses provided.

92.     As a result of the foregoing, the Deutsch Letter, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation concerning where the consumer must send her written dispute, at least one of which is inaccurate.

93.     As a result of the foregoing, the Deutsch Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer as to where the consumer must send her written dispute.

94.     Because the Deutsch Letter is open to more than one reasonable interpretation in this regard, it violates 15 U.S.C. §§ 1692e and 1692e(10).

95.     The least sophisticated consumer could read the Deutsch Letter and be reasonably confused as to which of the multiple addresses provided she must send her request for the name and address of the original creditor.

96.     The least sophisticated consumer could read the Deutsch Letter and be uncertain as to which of the multiple addresses provided she must send her request for the name and address of the original creditor.

97.     The least sophisticated consumer could reasonably interpret the Deutsch Letter to mean that she could send her request for the name and address of the original creditor to any of the multiple addresses provided.

98.     As a result of the foregoing, the Deutsch Letter, in the eyes of the least sophisticated consumer, is open to more than one reasonable interpretation concerning where the consumer must send her send her request for the name and address of the original creditor.

99.     As a result of the foregoing, the Deutsch Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer as to where the consumer must send her request for the name and address of the original creditor.

100.    Because the Deutsch Letter is open to more than one reasonable interpretation in this regard, it violates 15 U.S.C. §§ 1692e and 1692e(10).

101.    For all of the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10) and is liable to Plaintiff therefor.

**SECOND COUNT**
**Violations of 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10)**
**AS TO PLAINTIFF SHAHIN**

102.    Plaintiff Shahin repeats and realleges the foregoing paragraphs as if fully restated herein.

103.    15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

104.    15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

105.    15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

106.    In order to be entitled to obtain verification of the debt or a copy of a judgment against the consumer, the consumer must dispute the debt in writing.

107.    15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

108.    In order to be entitled to obtain the name and address of the original creditor, if different from the current creditor, the consumer must request such in writing.

109.    A debt collector has the obligation not just to convey the 15 U.S.C. § 1692g required disclosures, but also to convey such clearly.

110.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

111.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

112.    15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

113.    A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

114.    The Shahin Letter contains multiple addresses for Defendant.

115.    The first address, located at the top left of the Shahin Letter, is: Department #110840, P.O. Box 1259, Oaks, PA 19456.

116.    The second address, located top right of the Shahin Letter, is: PO Box 469046, Escondido CA 92046-9046.

117.    In order to be entitled to obtain verification of the debt or a copy of a judgment against the consumer pursuant to 15 U.S.C. § 1692g(a)(4), the consumer must dispute the debt in writing.

118.    The Shahin Letter fails to instruct the consumer to which of the multiple addresses provided written disputes must be sent.

119.    As a result of the foregoing, the least sophisticated consumer would likely be confused as to which of the multiple addresses she should send her written dispute.

120.    As a result of the foregoing, the least sophisticated consumer would likely be uncertain as to which of the multiple addresses she should send her written dispute.

121.    Without clear direction as to where to mail her written dispute, the least sophisticated consumer would likely not dispute the debt at all.

122.    Without clear direction as to where to mail her written dispute, the least sophisticated consumer would likely not dispute the debt at all because she would be frightened of calling the collection agency where highly trained and aggressive debt collectors answer calls.

123.    As a result of the foregoing, the Shahin Letter would likely discourage the least sophisticated consumer from exercising her right to dispute the debt.

124.    In order to be entitled to obtain the name and address of the original creditor pursuant to 15 U.S.C. § 1692g(a)(5), the consumer must request such in writing.

125. The Shahin Letter fails to instruct the consumer to which of the multiple addresses provided requests for the name of the original creditor must be sent.

126. As a result of the foregoing, the least sophisticated consumer would likely be confused as to which of the multiple addresses she should send her request for the name of the original creditor.

127. As a result of the foregoing, the least sophisticated consumer would likely be uncertain as to which of the multiple addresses she should send her request for the name of the original creditor.

128. Without clear direction as to where to mail her request for the name of the original creditor, the least sophisticated consumer would likely not request this information at all.

129. Without clear direction as to where to mail her request for the name of the original creditor, the least sophisticated consumer would likely not request this information at all because she would be frightened of calling the collection agency where highly trained and aggressive debt collectors answer calls.

130. As a result of the foregoing, the Shahin Letter would likely discourage the least sophisticated consumer from exercising her right to request for the name of the original creditor.

131. As a result of the foregoing, the multiple addresses would likely make the least sophisticated consumer confused as to her rights.

132. As a result of the foregoing, the multiple addresses would likely make the least sophisticated consumer uncertain as to her rights.

133. Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses overshadow the disclosure of the consumer's right to dispute the debt provided by 15 U.S.C. § 1692g(a)(3).

134. Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses overshadow the disclosure of the consumer's right to receive verification of the debt or a copy of a judgment against the consumer provided by 15 U.S.C. § 1692g(a)(4).

135. Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses overshadow the disclosure of the consumer's right to request the name and address of the original creditor provided by 15 U.S.C. § 1692g(a)(5).

136. Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses are inconsistent with the disclosure of the consumer's right to dispute the alleged Debt provided by 15 U.S.C. § 1692g(a)(3).

137.    Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses are inconsistent with the disclosure of the consumer's right to receive verification of the debt or a copy of a judgment against the consumer provided by 15 U.S.C. § 1692g(a)(4).

138.    Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses are inconsistent with the disclosure of the consumer's right to request the name and address of the original creditor provided by 15 U.S.C. § 1692g(a)(5).

139.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

140.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

141.    A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e. *Clomon*, 988 F.2d at 1318.

142.    A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate. *Clomon*, 988 F.2d at 1319.

143.    A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer. *DeSantis*, 269 F.3d at 161.

144.    The least sophisticated consumer could read the Shahin Letter and be reasonably confused as to which of the multiple addresses provided she must send her written dispute.

145.    The least sophisticated consumer could read the Shahin Letter and be uncertain as to which of the multiple addresses provided she must send her written dispute.

146.    The least sophisticated consumer could reasonably interpret the Shahin Letter to mean that she could send her written dispute to any of the multiple addresses provided.

147.    As a result of the foregoing, the Shahin Letter, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation concerning where the consumer must send her written dispute, at least one of which is inaccurate.

148.    As a result of the foregoing, the Shahin Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer as to where the consumer must send her written dispute.

13

149.    Because the Shahin Letter is open to more than one reasonable interpretation in this regard, it violates 15 U.S.C. §§ 1692e and 1692e(10).

150.    The least sophisticated consumer could read the Shahin Letter and be reasonably confused as to which of the multiple addresses provided she must send her request for the name and address of the original creditor.

151.    The least sophisticated consumer could read the Shahin Letter and be uncertain as to which of the multiple addresses provided she must send her request for the name and address of the original creditor.

152.    The least sophisticated consumer could reasonably interpret the Shahin Letter to mean that she could send her request for the name and address of the original creditor to any of the multiple addresses provided.

153.    As a result of the foregoing, the Shahin Letter, in the eyes of the least sophisticated consumer, is open to more than one reasonable interpretation concerning where the consumer must send her send her request for the name and address of the original creditor.

154.    As a result of the foregoing, the Shahin Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer as to where the consumer must send her request for the name and address of the original creditor.

155.    Because the Shahin Letter is open to more than one reasonable interpretation in this regard, it violates 15 U.S.C. §§ 1692e and 1692e(10).

156.    For all of the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10) and is liable to Plaintiff therefor.

### THIRD COUNT
### Violations of 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10)
### AS TO PLAINTIFF BAIL

157.    Plaintiff Bail repeats and realleges the foregoing paragraphs as if fully restated herein.

158.    15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

159.    15 U.S.C. § 1692g(a)(3) provides that the written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

160.    15 U.S.C. § 1692g(a)(4) provides that the written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

161.    In order to be entitled to obtain verification of the debt or a copy of a judgment against the consumer, the consumer must dispute the debt in writing.

162.    15 U.S.C. § 1692g(a)(5) provides that the written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

163.    In order to be entitled to obtain the name and address of the original creditor, if different from the current creditor, the consumer must request such in writing.

164.    A debt collector has the obligation not just to convey the 15 U.S.C. § 1692g required disclosures, but also to convey such clearly.

165.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

166.    Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed by other collection activities during the 30-day validation period following the communication.

167.    15 U.S.C. § 1692g(b) provides that collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

168.    A collection activity or communication overshadows or contradicts the validation notice if it would make the least sophisticated consumer uncertain or confused as to her rights.

169.    The Bail Letter contains multiple addresses for Defendant.

170.    The first address, located at the top left of the Bail Letter, is: Department #110840, P.O. Box 1259, Oaks, PA 19456.

171.    The second address, located top right of the Bail Letter, is: PO Box 469046, Escondido CA 92046-9046.

172.    In order to be entitled to obtain verification of the debt or a copy of a judgment against the consumer pursuant to 15 U.S.C. § 1692g(a)(4), the consumer must dispute the debt in writing.

173.    The Bail Letter fails to instruct the consumer to which of the multiple addresses provided written disputes must be sent.

174.    As a result of the foregoing, the least sophisticated consumer would likely be confused as to which of the multiple addresses she should send her written dispute.

175.    As a result of the foregoing, the least sophisticated consumer would likely be uncertain as to which of the multiple addresses she should send her written dispute.

176.    Without clear direction as to where to mail her written dispute, the least sophisticated consumer would likely not dispute the debt at all.

177.    Without clear direction as to where to mail her written dispute, the least sophisticated consumer would likely not dispute the debt at all because she would be frightened of calling the collection agency where highly trained and aggressive debt collectors answer calls.

178.    As a result of the foregoing, the Bail Letter would likely discourage the least sophisticated consumer from exercising her right to dispute the debt.

179.    In order to be entitled to obtain the name and address of the original creditor pursuant to 15 U.S.C. § 1692g(a)(5), the consumer must request such in writing.

180.    The Bail Letter fails to instruct the consumer to which of the multiple addresses provided requests for the name of the original creditor must be sent.

181.    As a result of the foregoing, the least sophisticated consumer would likely be confused as to which of the multiple addresses she should send her request for the name of the original creditor.

182.    As a result of the foregoing, the least sophisticated consumer would likely be uncertain as to which of the multiple addresses she should send her request for the name of the original creditor.

183.    Without clear direction as to where to mail her request for the name of the original creditor, the least sophisticated consumer would likely not request this information at all.

184.    Without clear direction as to where to mail her request for the name of the original creditor, the least sophisticated consumer would likely not request this information at all because she would be frightened of calling the collection agency where highly trained and aggressive debt collectors answer calls.

185.    As a result of the foregoing, the Bail Letter would likely discourage the least sophisticated consumer from exercising her right to request for the name of the original creditor.

186.    As a result of the foregoing, the multiple addresses would likely make the least sophisticated consumer confused as to her rights.

187.    As a result of the foregoing, the multiple addresses would likely make the least sophisticated consumer uncertain as to her rights.

188.    Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses overshadow the disclosure of the consumer's right to dispute the debt provided by 15 U.S.C. § 1692g(a)(3).

189.    Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses overshadow the disclosure of the consumer's right to receive verification of the debt or a copy of a judgment against the consumer provided by 15 U.S.C. § 1692g(a)(4).

190.    Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses overshadow the disclosure of the consumer's right to request the name and address of the original creditor provided by 15 U.S.C. § 1692g(a)(5).

191.    Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses are inconsistent with the disclosure of the consumer's right to dispute the alleged Debt provided by 15 U.S.C. § 1692g(a)(3).

192.    Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses are inconsistent with the disclosure of the consumer's right to receive verification of the debt or a copy of a judgment against the consumer provided by 15 U.S.C. § 1692g(a)(4).

193.    Defendant violated 15 U.S.C. § 1692g(b) as the multiple addresses are inconsistent with the disclosure of the consumer's right to request the name and address of the original creditor provided by 15 U.S.C. § 1692g(a)(5).

194.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

195.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

196.    A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e. *Clomon*, 988 F.2d at 1318.

197.    A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate. *Clomon*, 988 F.2d at 1319.

198.    A collection letter also violates 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer. *DeSantis*, 269 F.3d at 161.

199.    The least sophisticated consumer could read the Bail Letter and be reasonably confused as to which of the multiple addresses provided she must send her written dispute.

200.    The least sophisticated consumer could read the Bail Letter and be uncertain as to which of the multiple addresses provided she must send her written dispute.

201.    The least sophisticated consumer could reasonably interpret the Bail Letter to mean that she could send her written dispute to any of the multiple addresses provided.

202.    As a result of the foregoing, the Bail Letter, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation concerning where the consumer must send her written dispute, at least one of which is inaccurate.

203.    As a result of the foregoing, the Bail Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer as to where the consumer must send her written dispute.

204.    Because the Bail Letter is open to more than one reasonable interpretation in this regard, it violates 15 U.S.C. §§ 1692e and 1692e(10).

205.    The least sophisticated consumer could read the Bail Letter and be reasonably confused as to which of the multiple addresses provided she must send her request for the name and address of the original creditor.

206.    The least sophisticated consumer could read the Bail Letter and be uncertain as to which of the multiple addresses provided she must send her request for the name and address of the original creditor.

207.    The least sophisticated consumer could reasonably interpret the Bail Letter to mean that she could send her request for the name and address of the original creditor to any of the multiple addresses provided.

208.    As a result of the foregoing, the Bail Letter, in the eyes of the least sophisticated consumer, is open to more than one reasonable interpretation concerning where the consumer must send her send her request for the name and address of the original creditor.

209.    As    a    result    of    the    foregoing,    the    Bail    Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer as to where the consumer must send her request for the name and address of the original creditor.

210.    Because the Bail Letter is open to more than one reasonable interpretation in this regard, it violates 15 U.S.C. §§ 1692e and 1692e(10).

211.    For all of the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692g(b), 1692e and 1692e(10) and is liable to Plaintiff therefor.

## FOURTH COUNT
### Violations of 15 U.S.C. §§ 1692e and 1692e(10)
### AS TO PLAINTIFF DEUTSCH

212.    Plaintiff Deutsch repeats and realleges the foregoing paragraphs as if fully restated herein.

213.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

214.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

215.    A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e. *Clomon*, 988 F.2d at 1318.

216.    A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate. *Clomon*, 988 F.2d at 1319.

217.    A collection letter also violates 15 U.S.C. § 1692e if, it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer. *DeSantis*, 269 F.3d at 161.

218.    The Deutsch Letter states: "If you cannot make the settlement payment by

19

12/7/2018, please contact us to discuss alternative arrangements,

219.    Further it says that, "[w]e reserve the right to treat any missed or late settlement payment as a cancellation of the settlement agreement."

220.    The Deutsch Letter fails to state whether the payment must be sent by the consumer, or received by the Defendant, by the stated deadline.

221.    The Deutsch Letter can be interpreted to mean that such payment must be mailed to the Defendant by the stated deadline.

222.    The Deutsch Letter can also be interpreted to mean that such payment must be received by Defendant by the stated deadline.

223.    As a result of the foregoing, in the eyes of the least sophisticated consumer, the Deutsch Letter is open to more than one reasonable interpretation, at least one of which is inaccurate.

**FIFTH COUNT**
**Violations of 15 U.S.C. §§ 1692e and 1692e(10)**
**AS TO PLAINTIFF SHAHIN**

224.    Plaintiff Shahin repeats and realleges the foregoing paragraphs as if fully restated herein.

225.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

226.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

227.    A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e. *Clomon*, 988 F.2d at 1318.

228.    A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate. *Clomon*, 988 F.2d at 1319.

229.    A collection letter also violates 15 U.S.C. § 1692e if, it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer. *DeSantis*, 269 F.3d at 161.

230.    The Shahin Letter states: "If you cannot make the settlement payment by 7/21/2018, please contact us to discuss alternative arrangements,

231.    Further it says that, "[w]e reserve the right to treat any missed or late settlement payment as a cancellation of the settlement agreement."

232.    The Shahin Letter fails to state whether the payment must be sent by the consumer, or received by the Defendant, by the stated deadline.

233.    The Shahin Letter can be interpreted to mean that such payment must be mailed to the Defendant by the stated deadline.

234.    The Shahin Letter can also be interpreted to mean that such payment must be received by Defendant by the stated deadline.

235.    As a result of the foregoing, in the eyes of the least sophisticated consumer, the Shahin Letter is open to more than one reasonable interpretation, at least one of which is inaccurate.

236.    Because the Shahin Letter is open to more than one reasonable interpretation it violates 15 U.S.C. § 1692e.

237.    Because the Shahin Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer it violates 15 U.S.C. § 1692e.

238.    For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) and is liable to Plaintiff therefor.

239.    Because the Shahin Letter is open to more than one reasonable interpretation it violates 15 U.S.C. § 1692e.

240.    Because the Shahin Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer it violates 15 U.S.C. § 1692e.

241.    For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) and is liable to Plaintiff therefor.

## SIXTH COUNT
### Violations of 15 U.S.C. §§ 1692e and 1692e(10)
### AS TO PLAINTIFF BAIL

242.    Plaintiff Bail repeats and realleges the foregoing paragraphs as if fully restated herein.

243.    15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

244.    15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

245.    A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e. *Clomon*, 988 F.2d at 1318.

246.    A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer, it is open to more than one reasonable interpretation, at least one of which is inaccurate. *Clomon*, 988 F.2d at 1319.

247.    A collection letter also violates 15 U.S.C. § 1692e if, it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer. *DeSantis*, 269 F.3d at 161.

248.    The Bail Letter states: "If you cannot make the settlement payment by 7/14/2018, please contact us to discuss alternative arrangements,

249.    Further it says that, "[w]e reserve the right to treat any missed or late settlement payment as a cancellation of the settlement agreement."

250.    The Bail Letter fails to state whether the payment must be sent by the consumer, or received by the Defendant, by the stated deadline.

251.    The Bail Letter can be interpreted to mean that such payment must be mailed to the Defendant by the stated deadline.

252.    The Bail Letter can also be interpreted to mean that such payment must be received by Defendant by the stated deadline.

253.    As a result of the foregoing, in the eyes of the least sophisticated consumer, the Bail Letter is open to more than one reasonable interpretation, at least one of which is inaccurate.

254.    Because the Bail Letter is open to more than one reasonable interpretation it violates 15 U.S.C. § 1692e.

255.    Because the Bail Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer it violates 15 U.S.C. § 1692e.

256.    For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) and is liable to Plaintiff therefor.

257.    Because the Bail Letter is open to more than one reasonable interpretation it violates 15 U.S.C. § 1692e.

258.    Because the Bail Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer it violates 15 U.S.C. § 1692e.

259.    For the foregoing reasons, Defendant violated 15 U.S.C. §§ 1692e and 1692e(10) and is liable to Plaintiff therefor.


### CLASS ALLEGATIONS

260.    Plaintiffs bring this action individually and as a class action on behalf of all persons similarly situated in the State of New York.

261.    Plaintiffs seek to certify a class of:

> i. All consumers to whom Defendant sent a collection letter substantially and materially similar to the letter sent to Plaintiffs, which letter was sent on or after a date one year prior to the filing of this action to the present.

262.    This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

263.    The Class consists of more than thirty-five persons.

264.    Plaintiffs' claims are typical of the claims of the Class.  Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

265.    The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

266.    Plaintiffs will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiffs have retained counsel experienced in actions brought under consumer protection laws

**JURY DEMAND**

267.    Plaintiffs hereby demand a trial of this action by jury.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs respectfully request judgment as follows:

    a.   Certify this action as a class action; and

    b.   Appoint Plaintiffs as Class Representatives of the Class, and Plaintiffs' attorneys as Class Counsel; and

    c.   Find that Defendant's actions violate the FDCPA; and

    d.   Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    e.   Grant Plaintiffs' attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f.   Grant Plaintiffs' costs; together with

    g.   Such other relief that the Court determines is just and proper.

DATED: May 13, 2019

                                **BARSHAY SANDERS, PLLC**

                                By:    */s/ Craig B. Sanders*
                                Craig B. Sanders, Esq.
                                100 Garden City Plaza, Suite 500
                                Garden City, New York 11530
                                Tel: (516) 203-7600
                                Fax: (516) 706-5055
                                csanders@barshaysanders.com
                                *Attorneys for Plaintiffs*
                                Our File No.: 117425